**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 26, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT MARKS,

     Petitioner - Appellant,

 v.

MARILYN SCAFE; KANSAS
PAROLE BOARD; PHILL KLINE,
Attorney General of Kansas,

     Respondents - Appellees.
.

No. 04-3333
(D.C. No. 03-CV-3029-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert Marks appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court granted Mr. Marks a certificate of appealability on the question of whether his trial counsel was ineffective for not challenging the circumstances under which officers searched Mr. Marks' truck. We exercise jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253 and affirm.

As stated by the district court, this case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The Kansas state courts adjudicated Mr. Marks' claim on its merits, so, under AEDPA, we may only grant a writ of habeas corpus if the decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). "When applying these deferential AEDPA standards, we review the district court's legal analysis of the state court decision de novo." *Saiz v. Ortiz*, 392 F.3d 1166, 1176 (10th Cir. 2004) (quotation omitted). "[W]e focus on the result of the state court decision, not its reasoning." *Id.*

Having reviewed the parties' arguments, the district court record, the state

court record, and the applicable law, we cannot conclude that the decision of the Kansas Court of Appeals was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). The judgment of the district court is AFFIRMED for substantially the reasons stated in the district court's order dated July 28, 2004.

Entered for the Court

Michael R. Murphy
Circuit Judge